**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**VINCENT GREGORY BAISI,**

      **Petitioner,**

**v.**                               **Case No. 3:24-cv-00387**

**SUPERINTENDENT CARL ALDRIDGE,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for a Writ of Mandamus. (ECF No. 5). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that Petitioner's petition for a writ of mandamus, (ECF No. 5), be **DISMISSED**.

**I.**    **Relevant Facts**

Petitioner is a pretrial detainee on state court criminal charges and is currently housed in the Western Regional Jail and Correctional Facility, an institution operated by the State of West Virginia. Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 2). He complains that he is being wrongfully detained without bail in violation of his constitutional rights. He asks that this Court grant him an acquittal of the pending state charges, or, at a minimum, grant him bond. (*Id.* at 7). Presently, the

habeas petition is being briefed. (ECF No. 8).

A few days after filing the petition for habeas relief, Petitioner filed a request for a writ of mandamus, advising the Court that he has six motions pending in the Circuit Court of Putnam County, West Virginia in which he requests dismissal of the state criminal charges against him. (ECF No. 5 at 1). He alleges that the motions have been pending since the middle of April, and the Circuit Court of Putnam County has failed to rule on them. He seeks an order from this Court compelling the Circuit Court of Putnam County to rule on the pending motions.

## II.    <u>Discussion</u>

A writ of mandamus is an extraordinary writ that exists for the sole purpose of aiding courts in the exercise of their appellate jurisdiction and "in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process." *Gurley v. Superior Court of Mecklenburg,* 411 F.2d 586, 587 (4th Cir. 1969). Title 28 U.S.C. § 1361 provides that United States District Courts have original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, as the statute makes clear, the federal court may only issue a writ of mandamus against an employee or official ***of the United States*** and may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd by Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 (4th Cir. 1996).

This Court has no general power to compel action by the Circuit Court of Putnam County, or any of its employees acting in their official capacities. "Federal courts have no

jurisdiction to compel state officials to perform a duty under state law, unless federal jurisdiction is in some way impaired." *In re Carr*, 803 F.2d 1180 (4th Cir. 1986) (citing *Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties...."). Simply stated, this Court has no original jurisdiction to issue the writ requested. *See, e.g., In re Westfall*, 451 F. App'x 266, 266 (4th Cir. 2011) ("This court does not have jurisdiction to grant mandamus relief against state officials and does not have jurisdiction to review final state court orders.") (citations omitted); *In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) ("Federal courts have no general power to compel action by state courts.") (citing *Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir. 1988)); *Ferris v. Gomez*, No. 5:19CV179, 2020 WL 560597, at *2 (N.D.W. Va. Jan. 14, 2020), *report and recommendation adopted,* No. 5:19-CV-179, 2020 WL 560576 (N.D.W. Va. Feb. 4, 2020) ("The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.")

Given that this Court does not have jurisdiction to provide the relief requested, the undersigned **FINDS** that Petitioner's Motion for a Writ of Mandamus should be **DISMISSED**. Petitioner must seek this extraordinary relief from the appropriate state court.

## III.    <u>Proposal and Recommendation</u>

The undersigned respectfully **PROPOSES** that the United States District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's petition for a writ of mandamus, (ECF No. 5), be **DISMISSED**.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** August 28, 2024

Cheryl A. Eifert
United States Magistrate Judge