# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| **VINCENT GREGORY BAISI,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 3:24-00387** |
| ) | |
| **SUPERINTENDENT CARL ALDRIDGE,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss (Document No. 19), filed on October 21, 2024. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Respondent in moving to dismiss. (Document No. 21.) Petitioner filed a Response to Respondent's Motion on October 25, 2024, and Respondent filed a Reply on October 29, 2024. (Document Nos. 25 and 26.) Having examined the record and considered the applicable law, the undersigned has concluded that Petitioner's Section 2241 Petition should be dismissed as moot and Respondent's Motion should be denied as moot.

## PROCEDURE AND FACTS

**1.     Case No. 24-F-23:**

On November 6, 2023, a Criminal Complaint was filed against Petitioner in the Magistrate Court of Putnam County, West Virginia, charging Petitioner with one count of kidnapping, one count of malicious or unlawful assault, and one count of strangulation concerning an attack on his girlfriend (Eden Boggs). (Document No. 19-2.) An arrest warrant was issued for Petitioner and he

was arrested on November 7, 2023. (Document No. 19-3.) Petitioner's initial appearance was conducted in the Magistrate Court of Putnam County on the same day as his arrest and Petitioner was detained without bond. (Document No. 19-4.) After Petitioner was appointed counsel, Petitioner waived his right to a Preliminary Hearing and the matter was bound over to the Circuit Court. (Document Nos. 19-5 and 19-6.)

On March 6, 2024, the grand jury of Putnam County returned a nine-count Indictment against Petitioner charging him with one count of kidnapping in violation of West Virginia Code § 61-2-14a, two counts of malicious assault in violation of West Virginia Code § 61-2-9(a), one count of strangulation in violation of West Virginia Code § 61-2-9d, one count of being a person prohibited from possessing a firearm in violation of West Virginia Code 61-7-7(b)(1), one count of use of a firearm during the commission of a felony in violation of West Virginia Code § 61-7-15a, one count of domestic assault in violation of West Virginia Code § 61-2-28(b), one count of domestic battery in violation of West Virginia Code §61-2-28(a), and one count of interference with emergency communications in violation of West Virginia Code § 61-5-17(n)(1). (Document No. 19-7.)

On April 1, 2024, Petitioner filed a Motion for Bail. (Document No. 19-8.) In support, Petitioner stated that "[f]or every count contained within the Indictment, claimed victim Eden Grace Boggs avers that the Defendant did not commit the offenses." (Id.) In support, Petitioner attached an Affidavit from Victim Boggs. (Id., pp. 6 – 7.) On April 9, 2024, Petitioner's arraignment was conducted and Petitioner's Motion for Bail was denied. (Document No. 19-9.) On April 23, 2024, Petitioner filed a Motion to Proceed Self-Represented. (Document No. 19-10.) By Order entered on April 29, 2024, the Circuit Court ordered Plaintiff to undergo a mental status examination to determine his competency to stand trial and his criminal responsibility. (Document

No. 19-11.) After Petitioner's mental status examination, the Circuit Court determined Petitioner to be competent to stand trial and to understand his criminal responsibility. (Document No. 19-12.) On December 10, 2024, Petitioner entered a Guilty Plea to "the felony offense of Unlawful Assault, a lesser included offense as contained in Count No. Two (2) of the Indictment." (Civil Action No. 3:24-00400, Document Nos. 47-2 and 47-3.) On January 2, 2025, Petitioner filed a *pro se* Motion to Withdraw Plea if he was not given a particular sentence. (Id., Document No. 47-4.) By Order entered on February 14, 2025, the Circuit Court sentenced Petitioner to imprisonment for "an indeterminate period of not less than two (2) years nor more than five (5) years." (Id.) The Circuit Court denied Petitioner *pro se* Motion to Withdraw Plea. (Id.)

**2.     Instant Section 2241 Petition:**

On July 29, 2024, Petitioner, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs, "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," and Memorandum in Support. (Document Nos. 1 - 3.) In his Petition, Petitioner indicates that he is a pretrial detainee concerning ongoing criminal proceedings in Putnam County, West Virginia. (Document No. 2.) Petitioner appears to assert that he is being improperly prosecuted. (Id.) In support, Petitioner states as follows:

> GROUND ONE:   The alleged victim gave a written affidavit stating that I never committed the crimes alleged. She states she was never kidnapped and she never told the officer she was. Eden Boggs had a recorded interview with my attorney and investigators where she states that two individuals assaulted her, neither of which were me. She even signed a written affidavit which was notarized and presented to the court.
>
> GROUND TWO:   The criminal complaint is an officer reporting what she said the victim said, which the victim said she never said. Ms. Boggs provided written statement providing information of the incident occurred in which she stated I am

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>   innocent.
>
>   GROUND THREE: Ms. Boggs texted the prosecutor, the police officer, and victims advocate stating I did not commit the crimes alleged. The prosecution did not include those text in my motion for discovery, which means they suppressed evidence favorable to the defense.

(Id., p. 6.) As relief, Petitioner requests that the Court "grant a bond on his own recognizance awaiting trial" and "grant this case for acquittal or mistrial." (Id., p. 7.)

In his Memorandum in Support, Petitioner explains that he is currently charged with six felonies (kidnapping, two counts of malicious wounding, strangulation, possession of a firearm, and use of a firearm in commission of a felony) and three misdemeanors (domestic battery, domestic assault, and interruption of an emergency communication device). (Document No. 3, p. 1.) Petitioner states that he seeks "immediate relief" because the "criminal complaint says that Officer Heather Grimmett says that Eden Boggs told her that for 3 days she was kidnapped by Mr. Baisi and that she was assaulted, chocked, and pistol whipped." (Id., pp. 1 – 2.) Petitioner argues that Officer Grimmett "did not have Ms. Boggs sign an affidavit, the criminal complaint, write a statement, or record the statement." (Id., p. 2.) Petitioner asserts that "according to Aquilar-Romero v. United States (2021), the police report is inadmissible hearsay and must be stricken from the record because the officer did not have the victim confirm what was said in the criminal complaint which bring us to the problem we now have before us." (Id.) Petitioner states that "Eden Boggs signed a written affidavit by Tressa Cabbell (investigator) saying that I didn't commit the crimes alleged that she never told the cop she was kidnapped and furthermore she was high on methamphetamine at the time of talking to the police." (Id.) Petitioner asserts that Ms. Boggs also "texted the prosecutor, his assistant, as well as the victims advocate Ms. Jividen, and Sgt. Grimmett saying [Petitioner] did not commit the crimes alleged." (Id., p. 3.) Petitioner states that Ms. Boggs

done the foregoing before Petitioner was indicted. (Id.) Petitioner further asserts that "[t]hey did not include that evidence in his discovery upon request" and "[i]t was discovered later by information voluntarily given by the victim." (Id.) Petitioner argues that pursuant to Brady v. Maryland, the law is clear that "the prosecution has an obligation to release all evidence favorable to the defense irrespective of good or bad faith." (Id.) Petitioner claims the failure to do so "is grounds for a mistrial." (Id.) Petitioner complains he "has been denied bail even though upon being notified he had a warrant, [Petitioner] drove to the Putnam County Judicial Building and turned himself in." (Id.) Petitioner claims this act "should have been viewed as favorable as well as his presumed innocence." (Id.) Petitioner again notes that the "victim is saying [Petitioner] did not commit the crimes alleged and is innocent." (Id., p. 4.) Petitioner concludes that "the State of West Virginia will without a doubt be unable to obtain a conviction against the [Petitioner] where the victim is saying he was not the one to assault her and she never said she was kidnapped." (Id.) Petitioner asserts "[t]here is no proof of [the victim] ever saying she was except an officer saying she said that." (Id.) Petitioner contends he has "exercised his right to a speedy trial" and "he has been detained 7 months without bail." (Id.) Petitioner argues that he should have been granted bond because "he hasn't committed a felony since 2018 as well as turned himself in." (Id.) As relief, Petitioner requests an "acquittal, mistrial, or own recognizance bail awaiting trial." (Id.)

On August 1, 2024, Petitioner filed a letter-form Motion for Writ of Mandamus. (Document No. 5.) Petitioner indicates that he has six motions requesting dismissal of the State criminal charges against him pending in the Circuit Court of Putnam County. (Id.) Petitioner complains that the motions have been pending since April, but the Circuit Court has failed to rule on them. (Id.) Therefore, Petitioner requests that this Court enter an order compelling the Circuit Court of Putnam County to rule on his pending motions. (Id.)

By Order entered on August 7, 2024, United States Magistrate Judge Cheryl A. Eifert determined that Petitioner had the financial ability to pay the $5.00 filing fee and denied Petitioner's Application to Proceed Without Prepayment of Fees and Costs. (Document No. 6.) Petitioner paid the $5.00 filing fee on August 19, 2024. (Document No. 7.) By Order entered the same day, Judge Eifert directed the Respondent to file an Answer to the allegations contained in Petitioner's Petition and Memorandum in Support. (Document No. 8.) By Proposed Findings and Recommendation ("PF&R) entered on August 28, 2024, Judge Eifert [2] recommended that Petitioner's letter-form Motion for Writ of Mandamus be denied because this Court lacked jurisdiction to compel State officials to perform a duty under State law. (Document No. 11.) By Memorandum Opinion and Order entered on September 19, 2024, United States District Judge Robert C. Chambers adopted Judge Eifert's PF&R and denied Petitioner's letter-form Motion for Writ of Mandamus. (Document No. 15.)

On April 13, 2022, Respondent filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 19 and 20.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner has neither exhausted available State remedies nor demonstrated the existence of extraordinary circumstances warranting federal habeas review under Section 2241;" and (2) "This Court should abstain from exercising jurisdiction over Petitioner's Section 2241 petition." (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the Docket Sheet for State v. Baisi, Case No. 24-F-23 (Putnam Co., WV) (Document No. 19-1); (2) A copy of the Criminal Complaint as filed in Case No. 24-F-23 (Document No. 19-2); (3) A copy of the

---

[2] Due to the retirement of Judge Eifert, the above matter was referred to the undersigned on September 4, 2024, for total pretrial management and submission of proposed findings of facts and recommendation for disposition. (Document No. 13.)

Warrant for Arrest as filed in Case No. 24-F-23 (Document No. 19-3); (4) A copy of the Initial Appearance and Bail Order as filed in Case No. 24-F-23 (Document No. 19-4); (5) A copy of the Order appointing counsel in Case No. 24-F-23 (Document No. 19-5); (6) A copy of Petitioner's Waiver of Preliminary Hearing as filed in Case No. 24-F-23 (Document No. 19-6); (7) A copy of the Indictment as filed in Case No. 24-F-23 (Document No. 19-7); (8) A copy of Petitioner's Motion to Set Bond as filed in Case No. 24-F-23 (Document No. 19-8); (9) A copy of the Arraignment Order as filed in Case No. 24-F-23 (Document No. 19-9); (10) A copy of Petitioner's Motion to Proceed Self Represented as filed in Case No. 24-F-23 (Document No. 19-10); (11) A copy of an Order directing that Petitioner undergo a forensic mental evaluation as filed in Case No. 24-F-23 on April 29, 2024 (Document No. 19-11); and (12) A copy of Petitioner's competency Order as filed in Case No. 24-F-23 (Document No. 19-12).

By Order and Notice entered on October 21, 2024, the undersigned notified Petitioner of his right to file a Response to Respondent's Motion to Dismiss. (Document No. 21.) On October 25, 2024, Petitioner filed his Response in Opposition. (Document No. 25.) On October 29, 2024, Respondent filed his Reply. (Document No. 26.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. Ordinary principles of

7

mootness apply to petitioners seeking federal *habeas* relief. "A habeas corpus petition is moot when it no longer presents as case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998)(citing Spencer v . Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); also see Alston v. Adams, 178 Fed.Appx. 295 (4th Cir. 2007). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." United States v. Ketter, 908 F.3d 61, 65 (4th Cir. 2018). In the instant case, Petitioner filed his Petition as a pretrial detainee requesting an "acquittal, mistrial, or own recognizance bail awaiting trial." Since filing his Petition, Petitioner has been convicted and sentenced. It is well recognized that a pretrial detainee's claim for *habeas* relief is mooted by a subsequent conviction and sentencing. See Rafa El v. Wright, 2023 WL 3073619 (4th Cir. April 25, 2023)(dismissing appeal as moot where petitioner was no longer in custody because he plead guilty to the state criminal charge and was sentenced); Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)(finding a Section 2241 petition concerning pretrial issues to be rendered moot by petitioner's subsequent conviction); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015)(vacating the district court's denial of a Section 2241 petition challenging a pretrial issue where the petitioner was not a pretrial detainee when the district court ruled, and remanding with instructions to dismiss as moot); Alford v. Rhodes, 2025 WL 714232, * 2 (D.S.C. Feb. 14, 2025)(finding pretrial detainee's Section 2241 petition moot because petitioner subsequently pled guilty to the pending criminal charge), report and recommendation adopted, 2025 WL 713823 (D.S.C. March 5, 2025); Allsbrook v. Rhodes, 2025 WL 643052, * 2 (D.S.C. Jan. 29, 2025)(finding a pretrial detainee's Section 2241 petition to be moot based on his subsequent conviction and sentencing), report and recommendation adopted, 2025 WL 641769 (D.S.C. Feb. 27, 2025); White v. Watts, 2023 WL 1828123, * 1 (D.Md. Jan. 25, 2023)(finding the Section 2241

petition as moot where petitioner was no longer a pretrial detainee and was now in state custody pursuant to a judgment of conviction); Ballenger v. Crawford, 2018 WL 1971018, * 2 (S.D.W.Va. April 5, 2018)(finding moot the issue of whether the petitioner's pretrial detention was unlawful because petitioner had since been convicted and sentenced), report and recommendation adopted, 2018 WL 1953025 (April 24, 2018)(R. Chambers); Kotmair v. United States, 143 F.Supp.2d 532, 535 (E.D.N.C. April 19, 2001)(dismissing pretrial detainee's Section 2241 petition as moot where petitioner was subsequently conviction and sentenced making him "now legally in custody of Respondent"). Thus, the undersigned finds that Petitioner's Section 2241 Petition is moot based upon recent conviction and sentencing. To the extent Petitioner seeks to challenge his conviction underlying his present incarceration, Petitioner must first exhaust all State remedies including a direct appeal and a State petition for post-conviction relief, before seeking federal relief through a *habeas* petition filed under 28 U.S.C. § 2254. Accordingly, the undersigned respectfully recommends that the District Court dismiss as moot Petitioner's Section 2241 Petition and deny as moot Respondent's Motion to Dismiss (Document No. 19).

## **PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS as moot** Petitioner's Section 2241 Petition (Document No. 2), **DENY as moot** Respondent's Motion to Dismiss (Document No. 19), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14)

days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Entered: April 22, 2025.



Omar J. Aboulhosn
United States Magistrate Judge